UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Ronnie Estes, | : Civil Action No.: 1:17-cv-00458-CAP |
| Plaintiff, | : |
| v. | : |
| Renaissance Hotel Operating Company and Elegant Staffing, | : **FIRST AMENDED COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), Plaintiff, Ronnie Estes, by undersigned counsel, hereby files this First Amended Complaint and states as follows:

## JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Ronnie Estes ("Plaintiff"), is an adult individual residing in Acworth, Georgia. Plaintiff was employed by Defendant from approximately August 2014 to August 2016.

4. Defendant Elegant Staffing ("Elegant Staffing"), is a Georgia business entity with a principal place of business located in Marietta, Georgia.

5. Defendant Renaissance Hotel Operating Company ("Renaissance", and together with "Elegant Staffing, "Defendants"), is a Georgia business entity with a principal place of business located in Bethesda, Maryland.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. Plaintiff was employed by Defendants as a "banquet houseman" from approximately August 2014 to August 2016.

7. During the time he was employed by Defendants, Plaintiff worked at various events. Plaintiff's tasks included engineering, cleaning common areas, maintaining storage rooms, working as a server, and setting up and packing equipment.

8. The employer-employee relationship created an implied employment contract for Plaintiff to be paid consistent with Federal law.

9. Throughout his employment with Defendants, Plaintiff routinely worked more than forty (40) hours per week, typically working between forty-eight (48) and fifty-five (55) hours per week.

10. On at least one occasion, Plaintiff worked over sixty-five (65) hours in one week.

11. Plaintiff was not an "exempt employee," because his primary duties were not managerial, he did not have authority to hire or fire employees, he did not regularly supervise at least two (2) employees, and he spent nearly all of his time performing non-exempt physical work, such as setting up events, cleaning, and working as a server.

12. Additionally, Plaintiff was not a salaried employee, but instead was paid on an hourly basis.

13. Defendants knew, or had reason to know, that Plaintiff spent all of his time performing non-exempt work, and Defendants knew or had reason to know that Plaintiff regularly worked more than forty (40) hours per week.

14. Despite routinely working in excess of forty (40) hours per week, Plaintiff was not provided time-and-a-half pay for overtime hours worked.

15. Defendants' failure to pay Plaintiff time-and-a-half for his eligible overtime hours is a willful violation of the FLSA.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
## 29 U.S.C. § 201, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this First Amended Complaint as though fully stated herein.

17. Pursuant to 29 U.S.C. § 207, Defendants were obligated to pay Plaintiff at a rate of one and one-half times his normal hourly rate of pay for all time spent performing compensable work in excess of forty (40) hours per week.

18. Defendants willfully and knowingly failed to pay Plaintiff overtime wages for actual overtime hours worked.

19. Pursuant to 29 U.S.C. § 216(b), Defendants must reimburse Plaintiff for the unpaid overtime wages, doubled, as well as attorney's fees and costs associated with this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Unpaid overtime wages, doubled, pursuant to 29 U.S.C. § 216(b);

2. Attorney's fees and costs pursuant to 29 U.S.C. § 216(b); and

3. Such other and further relief as may be just and proper.

Dated: August 15, 2017

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Ronnie Estes
        LEMBERG LAW, L.L.C.
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250 ext. 5500
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 15, 2017, a true and correct copy of the foregoing First Amended Complaint was filed via the CM/ECF system, which sent notice of such filing to:

Tasha K. Inegbenebor, Esq.
Littler Mendelson, P.C.
3344 Peachtree Road N.E.
Suite 1500
Atlanta, GA 30326

A true and correct copy will also be served via process server to:

Renaissance Hotel Operating Company
c/o Corporate Creations Network Inc.
2985 Gordy Pkwy, 1st Floor
Marietta, GA 30066

                                          /s/ Sergei Lemberg
                                          Sergei Lemberg, Esq.