EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement and General Release Agreement ("Agreement") is entered into by and between Ronnie Estes ("Employee") on the one hand and Elegant Staffing ("Elegant") on the other hand. Employee and Elegant are sometimes referred to collectively as the "Parties."

### RECITALS

WHEREAS, Employee claims that he was employed by Elegant and Renaissance Hotel Operating Company (Renaissance); and

WHEREAS, Employee claims to be owed unpaid overtime wages, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards Act (FLSA), and other relief for an alleged violation of 26 U.S.C. §7434; and

WHEREAS, Employee filed suit against Defendants in the United States District Court for the Northern District of Georgia, which case was styled *Estes v. Renaissance Hotel Operating Company, et al.*, Civil Action No. 1:17-cv-00458-CAP (the "Suit"); and

WHEREAS, Elegant denies any and all violations alleged by Employee in the Suit, and further denies that Employee is entitled to any of the relief sought in the Suit; and

WHEREAS, despite their continued disagreement, the Parties mutually desire to avoid the expense and inconvenience of litigation and to finally, forever, and irrevocably settle all claims which Employee has, may have, or may have ever had against Elegant; and

WHEREAS, Renaissance has expressly elected not to be a party to this Settlement Agreement; and

NOW, THEREFORE, in consideration of the mutual promises, understandings, and other good and valuable consideration, the sufficiency of which is acknowledged, the Parties agree as follows:

### AGREEMENT

1. **Recitals.** The above Recitals are incorporated by reference into this Agreement.

2. **Settlement Payment.** Subject to Employee's compliance with the terms and conditions of this Agreement, following receipt of the Forms W-2 and W-9 as required, below, and within thirty (30) days of the Court's approval of this Agreement and order dismissing the Lawsuit, Elegant will pay the total gross amount of Five Thousand Five Hundred Dollars and Zero Cents ($5,500.00) ("Settlement Payment"), less legally required withholdings.

    a. **Back Pay.** Elegant will pay to Employee the amount of Eight Hundred Dollars and Zero Cents ($800.00), less legally required withholdings, for alleged back pay (including all alleged overtime). This payment will be reported on an IRS Form W-2.

    b. **Liquidated Damages.** Elegant will pay to Employee the amount of Eight Hundred Dollars and Zero Cents ($800.00) for alleged liquidated damages. This payment will be reported on an IRS Form 1099 to Employee. Employee shall provide a completed IRS Form W-9 to Defendants.

c. **Attorney's Fees and Costs**. Defendants will pay to Employee's counsel, Lemberg Law LLC the amount of Three Thousand Nine Hundred Dollars and Zero Cents ($3,900.00) for attorney's fees and costs. This payment will be reported on an IRS Form 1099 to Employee and a separate IRS Form 1099 to his counsel. Employee's counsel shall provide a completed IRS Form W-9 to the Defendants.

Defendants will cause the payments described, above to be delivered to: *Attn: Sergei Lemberg, 43 Danbury Road Wilton, CT 06897*

3. **Dismissal of the Lawsuit**. The Parties agree that, upon execution of this Agreement, they will file a joint motion for approval of this Agreement in the Lawsuit for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 et seq. The Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. Counsel for the Elegant Staffing will, at the Elegant's expense, prepare and file the joint motion and any and all other necessary papers within five (5) days after the execution and delivery of this Agreement.

If the Court does not approve this Agreement, then this Agreement will become null and void. However, the Parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised agreement for approval by the Court.

4. **No Additional Recovery**. Employee admits that he is not entitled to any wages, damages or relief over and above the Settlement Payment, and further that his entitlement to the Settlement Payment is disputed. Employee acknowledges, admits and agrees that upon receipt of the Settlement Payment, he has been properly compensated by Defendants for all hours worked, including any overtime hours, and for any and all additional amounts owed. Employee agrees never to challenge the reasonableness of the amount or sufficiency of the Settlement Payment in court or before a government agency.

5. **Waiver And Release Of All Claims By Employee**. In exchange for the Settlement Payment, Employee irrevocably and unconditionally waives, releases, and forever discharges Elegant and its current, former, and future partners, principals, officers, owners, employees, agents, attorneys, insurers, benefit plans, heirs, executors, administrators, parents, predecessor entities, successor entities, subsidiaries, affiliates and joint venturers, (together with Renaissance, the "Released Parties") from any and all actions, causes of action, claims, demands, debts, damages, costs, losses, penalties, attorney fees, obligations, judgments, expenses, or liabilities of any nature, in law or equity, whether known or unknown, express or implied, contingent or otherwise, that Employee now has, or ever may have had, against Elegant or any other Released Parties by reason of any act, omission, occurrence, conduct, or circumstance that has occurred at any time prior to, or as of, the date of this Agreement, that in any way arise out of or relate to his employment with Elegant and any other Released Parties, or the cessation thereof, the payment or non-payment of any type of wages and any associated remedies (e.g., liquidated damages, penalties, interest, fees, costs), or that otherwise were or could have been brought in the Suit, up to and including the date of this Agreement.

6. **Waiver And Release Of Claims By Elegant**. In exchange for the terms of this Agreement, Elegant irrevocably and unconditionally waives, releases, and forever discharges Employee and his heirs, executors, administrators, and successors from any and all actions, causes of action, claims, demands, debts, damages, costs, losses, penalties, attorney fees, obligations, judgments, expenses, or liabilities of any nature, in law or equity, whether known or unknown, express or implied, contingent or

2 of 4

otherwise, that Elegant now has, or ever may have had, against Employee by reason of any act, omission, occurrence, conduct, or circumstance that has occurred at any time prior to, or as of, the date of this Agreement

7. **Rights And Claims Excluded From Agreement.** By entering into this Agreement, Employee does not waive any right that he cannot waive by law or his right to participate in any agency investigation or proceeding. Employee is waiving, however, any right he might otherwise have to recover money in connection with such a charge or investigation concerning any claims released by him herein. Employee is also waiving any right he might otherwise have to recover money in connection with a charge filed by any other individual, entity, or by a local, state, or federal agency with respect to any claim released by him herein.

8. **No Admission.** Elegant denies the allegations in the Suit and further denies that Employee is entitled to any of the relief set forth in the Suit or any of the payments or other consideration set forth in this Agreement. No person or entity shall interpret any part of this Agreement as an admission of wrongdoing by Elegant for any purpose.

9. **Defamation.** The Parties agree that they, both individually and collectively, will not make any statements, either oral or written, or take any other actions that are defamatory in any way regarding one another (except as required by law). The Parties also agree that they will not encourage or induce others to make any statements, either oral or written, or to take any other actions that are defamatory in any way regarding one another (except as required by law).

10. **Acknowledgements.** Employee acknowledges, represents, and agrees that he has been informed and is fully aware of his right to discuss all aspects of this matter and this Agreement with an attorney of his choice. He is advised to consult with an attorney before signing if he has not done so already. He has carefully read and fully understands each provision of this Agreement.

11. **Applicable Law And Severability.** This Agreement shall be governed by the laws of the State of Georgia. If any provision is held by a court to be invalid, void, or unenforceable for any reason, the remaining provisions shall continue in full force and effect.

12. **Counterparts.** This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as if the Parties signed the same instrument. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

13. **Entire Agreement.** This Agreement is the sole and entire agreement between the Parties. It supersedes any prior agreement concerning its subject matter. No promises made subsequent to this Agreement's execution are binding unless reduced to writing and signed by both of the Parties.

By signing below, the Parties each represent and agree that they have had time to review this Agreement, they have done so, and they fully understand the promises and obligations that they make under this Agreement by signing below

**RONNIE ESTES**

Signature: _____

Date: 11/29/18

**ELEGANT STAFFING**

By: _____

Title: C.E.O.

Date: 3/15/18